UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GORDON STEVENSON,

                      Petitioner,

            -against-

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

10 CV 235

DEARIE, Chief Judge.

Petitioner moves to vacate his conviction pursuant to 28 U.S.C. § 2255. He contends that despite his innocence, he entered into a plea agreement because counsel was ineffective. For the reasons set forth below, petitioner's application for relief is denied, and the petition is dismissed.

**Background**

On February 6, 2008, Drug Enforcement Administration agents arrested petitioner outside of a UPS Store in Flushing, Queens, after he used fake identification to pick up two packages, one of which held a computer tower containing approximately 1 kilogram of cocaine. After his arrest, agents searched his car and found three fraudulent California driver's licenses with petitioner's picture and different names, including the name "Kenny Woods," receipts documenting acceptance and delivery of numerous packages to and from various addresses in California, and two empty computer tower cases. Less than a year prior to his arrest, in April of 2007, the California Bureau of Narcotic Enforcement seized two packages sent by petitioner to an individual in California, containing a total of $142,172 in cash. The packages had been identified by a narcotics-

certified dog that detected the odor of a controlled substance. In addition, in October 2007, California Bureau of Narcotic Enforcement agents intercepted a package, identified by the same dog, containing $22,705 in cash sent from the UPS store in Flushing, Queens by a "Kenny Woods."

On September 22, 2008, petitioner pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. Under the terms of the plea agreement, petitioner waived his right to appeal or otherwise challenge his conviction or sentence provided the sentence imposed was 78 months or less. As set forth in the agreement, the government estimated that the applicable United States Sentencing Guidelines range was 57 to 71 months, but because of the applicable statutory mandatory minimum, the effective range was 60 to 71 months. The estimated calculation included a two point aggravating role adjustment pursuant to U.S.S.G. § 3B1.1(c).

At the plea proceeding, petitioner affirmed that he was satisfied with counsel's representation, that he understood the charges against him and his right to go to trial and that he wanted to plead guilty. (Plea Tr. 5-9.) He also confirmed that he understood that he was waiving his right to file an appeal or otherwise challenge his conviction provided a sentence of 78 months or less was imposed. (Plea Tr. 21.) During his allocution, petitioner admitted: "I attempted to pick up a package containing 500 grams of cocaine . . . to distribute to another person." (Plea Tr. 22-23.) He further admitted: "My intent was to pick up the cocaine and give it to somebody else" for them to distribute for money. (Plea Tr. 23.)

At sentencing, petitioner again confirmed that he was satisfied with counsel's representation. (Sent. Tr. 1) In addition, this Court and counsel discussed the fact that

2

the Guidelines calculation in the Pre-Sentence Report did not include the aggravated role adjustment anticipated at the time of the plea agreement and that petitioner was aware of his options regarding safety valve relief from the applicable mandatory minimum. (Sent. Tr. 2-3.) Petitioner acknowledged that counsel had explained the options to him and that he declined to engage in a safety valve proffer. (Sent. Tr. 8.) This Court sentenced petitioner the statutory minimum of 60 months imprisonment on March 2, 2009.

On January 13, 2010, petitioner brought this action to vacate his conviction on ineffective assistance of counsel grounds. He contends that he was misadvised by counsel to accept the plea offer even though he was innocent and that counsel should have sought safety valve relief. In addition, he argues that counsel was ineffective for not challenging the aggravating role adjustment and not moving for a mitigating role adjustment. The government opposes, arguing that this action is barred by petitioner's plea waiver and that petitioner's claims are meritless.

## Discussion

This action is barred by petitioner's knowing and voluntary waiver, as part of his plea agreement, of his right to appeal or otherwise challenge his conviction or sentence. United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004) (quoting United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.1993)) (To permit "escape [from] the fairly bargained-for consequences of [an] agreement would render the plea bargaining process and the resulting agreement meaningless."); Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam) (enforcing waiver against collateral attack). The record makes clear that petitioner's waiver was knowing and voluntary. During his plea

allocution, he confirmed that he understood and agreed to the terms set forth in the plea agreement, and he has not offered any evidence to the contrary.

A plea waiver, however, does not preclude a challenge to the process by which the rights were waived, and petitioner seeks to void his waiver by attacking counsel's effectiveness. See Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195-6 (2d Cir. 2002) (waiver does not foreclose attack on validity of plea process); United States v. Hernandez, 242 F.3d 110, 113-14 (2d. Cir. 2001) (per curiam) (waiver not enforceable against claim that agreement was entered into without effective assistance of counsel). Petitioner primarily charges that his attorney rendered ineffective assistance of counsel by advising him to plead guilty despite his innocence. He also claims that counsel failed to: (1) advise him of and secure his safety valve eligibility; (2) challenge the government's request for an aggravating role enhancement; and (3) move for a mitigating role adjustment.

To demonstrate constitutionally ineffective assistance, petitioner must show (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 688 & 692 (1984). Judicial scrutiny of counsel's effectiveness must be highly deferential and "indulge a strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Petitioner cannot meet his burden. Counsel displayed consummate professionalism throughout his representation and guided petitioner according to a reasonable strategy, indeed perhaps the *only* reasonable strategy, to accept the plea.

Moreover, his collaboration with counsel and agreement on the legal course taken was evident to this Court throughout the proceedings and is clear on the record.

Petitioner has not offered any support other than his own contradictory statements for his assertion of innocence, and there is overwhelming evidence of his guilt. Not only was petitioner arrested in possession of a package containing over a kilogram of cocaine, the police found numerous shipping receipts for similar weight packages under various names corresponding to the fake licenses in his car. In addition, he admitted to the police that he shipped the $142,714 in cash to the same area in California. Petitioner's counsel, while respecting the attorney client privilege by refraining from disclosing additional particulars, affirms that he "was not aware of any defense that would have prevented any attorney in good conscience from assisting him in the entry of his guilty plea in the hope that he would receive a lesser sentence than if he were convicted after trial." (Rubin Aff. at 3.) As the Second Circuit has noted, "counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." United States v. Juncal, 245 F.3d 166, 172 (2d Cir. 2001).

Furthermore, petitioner's claim that he was not advised of his safety valve eligibility contradicts his own record statements as well as those of counsel. This Court questioned petitioner directly regarding the safety valve option, and petitioner affirmed that counsel explained the option to him and that he had chosen not to pursue it. (Sent. Tr. at 8.) Counsel further clarified to the Court that although the PSR did not recommend an aggravating role adjustment, petitioner was aware of the possibility of safety valve eligibility, understood it fully, and nevertheless "for a variety of reasons" had not

5

attempted a proffer. (Sent. Tr. at 3, 6.) Counsel elaborated in his affidavit that he advised petitioner "on probably more than ten occasions that he could cooperate in this case" and that they "had extensive conversations about the mandatory minimum of five years and the issues surrounding safety valve eligibility." (Rubin Aff. at 3.) Further, counsel advised petitioner that although he would "receive a substantial benefit if he entered into a cooperation agreement, the opposite was a possible outcome of a safety valve debriefing." (Id.) He explained that while the government had the burden of proof with respect to an aggravating role adjustment, which counsel believed they had no evidence to support, petitioner would have been required to submit to a truthful debriefing for safety valve eligibility. (Rubin Aff. at 4.) Petitioner "agreed that he did not want to speak to the government." (Id.)

Petitioner's claims regarding the aggravating and mitigating role adjustments are also without merit. An aggravating role adjustment was neither included in the Pre-Sentence Report nor in the Court's Guidelines calculation at sentencing. Moreover, plaintiff has not put forth, nor does the record contain, any evidence to suggest plaintiff might have been eligible for a mitigating role adjustment. In any case, an adjustment would have had no effect—he was sentenced to the statutory mandatory minimum

sentence of 60 months.

## Conclusion

The motion is denied, and the petition is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to close the case.

SO ORDERED

Dated: Brooklyn, New York
August /9, 2010

s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge